# Steinruck's Insolvency.

*Insolvency—Petition—Jurisdiction—Act of June 4, 1901, P. L. 404.*
1. An allegation of the insolvency of a debtor and his failure to make an assignment for the benefit of creditors contained in a creditor's petition is not all that is necessary to give the court jurisdiction to appoint a receiver of an alleged insolvent's estate upon the application of a creditor under the Act of June 4, 1901, P. L. 404. The petitioner must go further and allege and prove that the alleged insolvent has committed one or more of the acts of insolvency enumerated in sec. 7 of the act. On the other hand, the court has no jurisdiction to appoint a receiver where it is not alleged or shown that the debtor is in fact insolvent, although he may have committed one or more of the acts enumerated in sec. 7.

*Words and phrases—"And" and "or."*
2. "And" will be construed "or" only when it appears from the context of the statute that the intention of the lawmaking power can only be given effect by so construing it.

Argued May 24, 1909. Appeal, No. 3, May T., 1909, by John Steinruck, from order of C. P. Dauphin Co., Sept. T., 1908, No. 179, appointing a receiver in the Matter of John Steinruck, an alleged insolvent. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition for the appointment of a receiver of an alleged bankrupt. Before McCARRELL, J.

The petition was as follows:

"The petition of the Farmers' Bank of Middletown and the Citizens' National Bank of Middletown, respectfully represents:

"That they are respectively creditors of John Steinruck, the defendant in the above stated proceedings, who is a resident of Dauphin county, and aver and expect to be able to prove that the said John Steinruck is insolvent; that he has not made an assignment for the benefit of his creditors and is a resident and carrying on business in the said county of Dauphin.

"They further represent that he is a farmer or one who is

principally engaged in the tilling of the soil and is and for some time past has been a tenant on the farm owned by Christian Brinser, the plaintiff in the foregoing proceeding.

" That recently, to wit, upon June 9, 1908, a judgment upon a single bill was entered upon confession in the above stated proceeding in the sum of $1,200 and immediate execution was issued thereon, under and by virtue of which the sheriff of Dauphin county has levied upon the general farm stock, cattle, farming implements belonging to the said defendant and also upon his interest in the crops in the ground and that the said property has been advertised for sale on June 18, at ten o'clock A. M.

" Your petitioners further aver and believe that the said proceeding was had, the judgment permitted to be entered and the levy permitted to be made upon the personal property of said defendant for a debt then existing and with a view and in effect to give a preference to the creditor, the plaintiff in the said action, and they accordingly aver that the said John Steinruck has acknowledged thereby his insolvency; second, his endeavoring by suffering an execution to proceed unstayed against himself to dispose of all or a greater portion of his property with intent to hinder, defeat or delay his creditors or certain ones of them, and third, has made there an incumbrance of the whole or a greater part of his stock in trade or property without being able to meet his liabilities and without the consent of his creditors done in payment of a debt then existing and with the intent to prefer one creditor to another and not in his usual course of business but for the benefit of himself and family.

" Wherefore they pray your honorable court to grant a rule to show cause why a receiver should not be appointed of the alleged insolvent and all legal proceedings thereon against him, if any, be set aside and in the meantime they pray that an order may be made upon C. L. Brinser, the plaintiff in this action, and the sheriff of Dauphin county, staying the execution, pending the determination of this matter, the lien of the levy to remain."

Other facts appear by the opinion of the Supreme Court.

*Error assigned* was order appointing receiver.

*Leroy Wolfe,* of *Wolfe & Bailey,* with him *W. F. Darby,* for appellant.—A court has no jurisdiction under the Act of June 4, 1901, P. L. 404, to appoint a receiver for the estate of an alleged insolvent, upon finding of insolvency alone, where he has not committed any one of the acts of insolvency enumerated in sec. 7 of the act: Re Empire Metallic Bedstead Co., 98 Fed. Repr. 981; Jones v. Sleeper, 13 Fed. Cases No. 7,496, p. 1030; Wilson v. Nelson, 183 U. S. 191 (22 Sup. Ct. Repr. 74); Buckingham v. McLean, 54 U. S. 150; Wilson v. Bank, 84 U. S. 473; Clark v. Iselin, 88 U. S. 360; Bank v. Warren, 96 U. S. 539; Sleek & Blackburn v. Turner, 76 Pa. 142; Kemmerer v. Tool, 78 Pa. 147; Louchheim Bros. v. Henzey, 86 Pa. 350; Duncan v. Landis, 106 Fed. Repr. 839; Jones v. Rash and Maloy, 8 Pa. Dist. Rep. 714; Miller v. Shriver, 197 Pa. 191.

*John R. Geyer,* with him *Swartz, Umberger & Swartz* and *F. J. Schaffner,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, June 22, 1909:

We are of the opinion that the learned court below was in error in holding that an allegation of the insolvency of a debtor and his failure to make an assignment for the benefit of creditors contained in a creditor's petition is all that is necessary to give the court jurisdiction to appoint a receiver of an alleged insolvent's estate upon the application of a creditor under the Act of June 4, 1901, P. L. 404; 2 Purd. (13th ed.) 1924. The proceeding to compel an involuntary insolvency is statutory, and the statute having designated the facts which are required to be averred and proven in order to give the court jurisdiction, a petitioner must comply strictly with the provisions of the statute before he can invoke the authority of the court to place the debtor's estate in the hands of a receiver. We think there is no difficulty in determining the prerequisites of a sufficient petition under the statute or the proofs necessary to sustain the petition. The act of 1901 is not obscure or doubtful; on the contrary, the language is clear and certain,

and the statute provides specifically what is requisite to give the court jurisdiction to appoint a receiver of an insolvent's estate.

By the seventh section of the act, the creditor must aver in his petition that the debtor (a) is insolvent, (b) has not made an assignment for the benefit of his creditors, (c) is resident or is carrying on business in said county, (d) and has committed one or more of the acts enumerated in the eight following paragraphs of the section. These are the acts of insolvency which must be averred in the petition in order to give the court jurisdiction. It will be observed that the debtor must not only be insolvent but he must have committed at least one of the several acts named in the separate paragraphs of the section. We can see no reason or ground for substituting "or" for "and" which connects the first and paragraphic parts of the section, thereby making either the insolvency of the debtor or his commission of one of the several acts named in the paragraphs sufficient to confer jurisdiction. "And" will be construed "or" only when it appears from the context of the statute that the intention of the lawmaking power can only be given effect by so construing it: Robinson v. Southern Pacific Co., (Cal.) 28 L. R. A. 773. There is nothing in the context of this statute that shows a legislative intent to use the word "and" in the sense of "or," or that the legislature intended to give the court jurisdiction to appoint a receiver of a debtor's estate under this section of the act upon the simple averment of his insolvency. Section 8 cannot be so construed, as that would supply and render useless the first part of sec. 7 which, it will not be presumed, the legislature intended. It would have been very easy if the legislature had so desired, to have simply declared that upon the averment by the creditor of the insolvency of the debtor and the failure to make an assignment for the benefit of his creditors, the court should assume jurisdiction. The presumption is that if such had been the intention of the legislature, it would have so declared in the brief language suggested. On the contrary, the seventh section of the act in addition to insolvency specifically sets out certain jurisdictional facts which are required to be averred

in a petition by a creditor to have his debtor's estate delivered to a receiver; and the legislature having the authority to determine on what conditions a creditor may have his debtor declared insolvent, it is not for the court to defeat the legislative intention by construction.

The learned court, we think, was likewise in error in holding that the legislature intended that if the debtor was not actually insolvent he could be proceeded against under the act of 1901 by a creditor if he had committed any of the acts specified in the separate paragraphs of sec. 7. Neither the language of the act nor its manifest intention, we think, will support this interpretation of the statute. There could be no reason for the creditor invoking the aid of the statute if the debtor was not insolvent. He could utilize the ordinary processes of the law, and collect his debt without resorting to the appointment of a receiver under the statute with the consequent delay in securing his claim. It was not the intention of the legislature in the enactment of the statute of 1901 to create a new remedy for the collection of an ordinary debt from a solvent debtor. The legislative purpose was to permit the creditor to protect himself by having the estate of an insolvent debtor who had committed one of the enumerated prohibited acts placed in a receiver's hands so that it would be distributed among all the creditors without preference to any one creditor. The insolvency of the debtor therefore, is a prerequisite to the right of a creditor to have a receiver appointed under the act of 1901.

The averments of the petition filed against Steinruck, the alleged insolvent, are not as clear and distinct as they should be to confer jurisdiction; nor do the proofs adduced in support thereof show the commission of such acts on the part of Steinruck as would justify the court in appointing a receiver. The learned court below concedes that "it (the petition) does not contain in exact terms an averment of either of the eight matters specified in the eight paragraphs of sec. 7" of the act of 1901. The petition should aver specifically such facts as will give the court jurisdiction under the act. The form of the petition in this case seems to indicate that the

learned counsel for the petitioner thought, with the court below, that the averment of the insolvency of the debtor was sufficient to give the court jurisdiction; and hence the insufficiency in the averment of jurisdictional facts. The evidence shows that Steinruck was, in October, 1906, a tenant on the farm owned by one Brinser. He needed some stock and farming implements and not having the money nor the credit to obtain them, he procured the money on a note on which Brinser became indorser. Steinruck gave Brinser a judgment note to secure him as indorser. In June, 1908, Brinser became apprehensive as to Steinruck's solvency and entered judgment on the note and, as found by the court, "issued execution thereon upon the same day without any conference with the said Steinruck, the execution creditor being moved to take these proceedings because he had heard that Steinruck was involved in the financial affairs of H. K. Alwine." There is no finding by the court below nor is there any proof to support the finding that Steinruck had any knowledge of Brinser's intention to proceed on his judgment note; or that there was any fraud or collusion between Steinruck and Brinser; or that there was any intention on the part of Steinruck to prefer Brinser over other creditors. In other words, there was no finding or any evidence to justify the finding that Steinruck had committed any of the several acts named in the eight paragraphs of sec. 7 of the act of 1901 which is necessary to give the court jurisdiction to appoint a receiver on the petition of a creditor. Steinruck was not insolvent, so far as the record shows, in 1906 when he gave the judgment note to Brinser whatever may have been his financial condition when judgment was entered on it in 1908. The evidence does not disclose that Steinruck gave the note or subsequently permitted its use for the purpose of giving a preference to Brinser; or that he had any intention in giving the note to defeat or delay any of his creditors in the collection of their debts. It was the ordinary transaction of a borrower, while solvent, giving security to his indorser without any intention on the part of either to defeat or delay the other creditors of the borrower. We are at a loss to see that the evidence con-

victs Steinruck of the commission of any act prohibited in either of the eight paragraphs of sec. 7. The learned trial judge makes no finding to that effect, but sustained the proceedings on the finding that Steinruck was insolvent and had not made an assignment for the benefit of his creditors. We are of opinion that the court below should not have entertained jurisdiction under the evidence, but should have dismissed the petition and refused to appoint a receiver. The other questions raised on the record become immaterial to the disposition of the case and need not be considered or determined.

The order or decree of the court below is reversed and the petition is dismissed at the costs of the petitioner.