# Hoover *v.* Ober, Appellant.

*Insolvency—Bankruptcy—Farmers—Receivership—Petitioning creditors—Act of June 4, 1901, P. L. 404.*

1. The Pennsylvania act of June 4, 1901, relating to insolvency, is suspended by reason of the existence of the federal bankrupt act of July 1, 1898, and does not become operative as to the persons and subjects to which the federal act applies.

2. Wage-earners and persons engaged chiefly in farming or the tillage of the soil cannot be subjected to the provisions of the federal bankrupt act of July 1, 1898, without their consent, and as to such persons the Pennsylvania Act of June 4, 1901, P. L. 404, is in force.

3. Three creditors of an insolvent are not disqualified to join in a petition under the Insolvent Act of June 4, 1901, P. L. 404, because two of them had issued execution upon judgments and had participated in directions in regard to a sheriff's sale of the insolvent's goods, and the bringing of the proceeds of the sale into court for distribution, and because the third attended the sheriff's sale and bid upon and purchased a number of articles thereat. If the object of the petitioners were to set aside the sale, the question would be a different one.

4. An averment of insolvency and an illegal preference in a petition for insolvency is sufficient to authorize the appointment of a receiver.

Argued Dec. 13, 1909. Appeal, No. 156, Oct. T., 1909, by defendants, from decree of C. P. Bedford Co., Jan. T., 1909, No. 23, on petition in insolvency in case of George B. Hoover v. John A. Ober. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition in insolvency.
The opinion of the Superior Court states the case.

*Error assigned* was the decree declaring John A. Ober insolvent and appointing H. B. Cessna, receiver.

*I. H. Longenecker,* with him *John N. Minnich,* for appellants.

*E. M. Pennell,* with him *Alvin L. Little* and *R. C. McNamara,* for appellees.

OPINION BY BEAVER, J., March 3, 1910:
This is an appeal from a decree of the court of common pleas of Bedford county, in and by which John A. Ober, one of the appellants, was declared to be an insolvent and H. B. Cessna was appointed receiver of his insolvent estate.

The decree was made under and in accordance with the provisions of the Act of June 4, 1901, P. L. 404.

It was held in Potts v. Smith, 25 Pa. Superior Ct. 206, that "The Pennsylvania act of June 4, 1901, relating to insolvency, is suspended by reason of the existence of the federal bankrupt act of July 1, 1898, and does not become operative as to the persons and subjects to which the federal act applies."

It was held later in Bank v. Gass, 29 Pa. Superior Ct. 125, that, "Wage-earners and persons engaged chiefly in farming or the tillage of the soil cannot be subjected to the provisions of the federal bankrupt act of July 1, 1898, without their consent, and as to such persons the Pennsylvania Act of June 4, 1901, P. L. 404, is in force."

It is alleged in the petition, praying for the appointment of a receiver, that John A. Ober, one of the appellants, is a farmer and that he is insolvent. This is not denied in his answer, and the appellants in their history of the case practically admit that he is a farmer. There is, therefore, no sufficient reason, under our decisions in relation to the act of June 4, 1901, why its provisions should not apply to the said Ober, appellant, and the conditions in which he is placed.

The first section of the said act provides: "That if any person, persons, firm, limited partnership, joint-stock company or corporation, being insolvent or in contemplation of insolvency, with a view to give a preference to any creditor or person having a claim against, or who is under any liability for, such insolvent, shall procure, suffer or permit any judgment to be entered, by confession or otherwise, or any execution to be levied, or any attachment or sequestration to be made of any part of his, their or its real or personal property, or shall make any payment, pledge, assignment, transfer, conveyance or incumbrance thereof, either absolutely or as collateral security for a debt then existing, whether due or not, such judgment, execution, attachment, sequestration, payment, pledge, assignment, transfer, conveyance or incumbrance shall inure to the benefit of all the creditors of such insolvent, if an assignment for the benefit of creditors be made or proceedings in insolvency be commenced within four months after such judgment, execution, attachment, sequestration, payment, pledge, assignment, transfer, conveyance or incumbrance shall have been entered, issued, commenced, made or recorded, and in the case of personal property exclusive possession given."

The petition, under and in accordance with the prayer of which the decree in this case was made, was prepared under the seventh section of the insolvency act of 1901, and alleged insolvency and the creation of "an incumbrance of a large part, if not all, of his (insolvent's) property, without being able to meet his liabilities and without the consent of his creditors, with the intent to prefer one creditor to another out of the usual course of his business and for the benefit of his family." This, as we understand it, is sufficient to authorize

the appointment of a receiver. See Steinruck's Insolvency, 225 Pa. 461. As previously intimated, the insolvency is not denied, nor is the fact out of which the preference of one creditor over and above others was, as a matter of fact, created. The intention to do so is denied, but the law presumes an intention to do what naturally and inevitably follows, as the result of one's acts knowingly done.

The petition is joined in by three of the debtor's creditors, two of them having secured from him judgment notes, upon which executions were issued, and the third having notes upon which no executions were issued. These facts did not destroy their relation to the debtor as his creditors, and we do not, therefore, understand the second assignment of error, in which it is said: The court erred in finding in the opinion filed that, "The petition alleges that the defendant, John A. Ober, is a farmer and that he is insolvent, and a number of his creditors join in the petition." We are asked to hold that, because two of the petitioning creditors issued executions upon their judgments and participated in the directions in regard to the sale and bringing the money into court for distribution, and the third because he attended the sale of the debtor's property by the sheriff and bid upon and purchased a number of articles thereat, they are thereby estopped from pursuing the remedies provided by the insolvent law of 1901. We cannot so hold. There is no disabling diversity, as we view the situation, between the actions of a creditor in issuing execution and thereby placing himself in a situation to exercise control in the sale by the sheriff of a debtor's personal property, and of being in a situation to direct what is to be done with the proceeds and attempting to secure the distribution arising from that sale, under the provisions of the insolvent act; much less can a creditor who has not issued execution and who may attend the sale and bid upon the property, in order to increase the fund for distribution, be deprived of his right to share in the distribution of the proceeds of the sale, when that distribution is to be made for the benefit of all creditors under the act. There is not only no antagonism between his position as a bidder at the sale and as a distribu-

tee in the proceeds thereof, but the positions are entirely consistent with each other, and indeed the chance of sharing equally with other creditors in the distribution would be an inducement to making the fund for distribution as large as possible.

There is no effort here, as we understand it, to set aside the sale made by the sheriff and transfer the property sold to the receiver. If this were the case, we could see much force in the argument of the appellant. On the contrary, however, the petition recognizes the sale as valid and simply proposes to deal with the proceeds in such a way as to bring about the equality among creditors which is aimed at by the insolvent act.

We have examined, with some care and interest, the most of the authorities to which the appellant refers, but do not find any of them applicable to the circumstances under which the appellees are placed by their acts. Ketcham v. Davis, 31 Pa. Superior Ct. 583, relates to the use of two separate, independent and distinctively inconsistent remedies in the matter of leased personal property, where, by the terms of the lease, the lessor has the right to take immediate possession of the leased property and has also the right to enter judgment for the whole amount unpaid under the lease; in which we held that the lessor was not entitled to enforce both remedies, unless such right was plainly expressed in the lease or was a necessary implication from its terms. So in Hughes v. Calvert, 5 W. N. C. 98, the question was upon a rule to set aside a sheriff's sale, at which the petitioner had been a bidder. In Field v. Great Western Elevator Co., 66 Am. St. Rep. 611, the question decided was that, "One having a right to appeal to either of two courts, on appealing to one of them, irrevocably elects to pursue his remedy and cannot afterward appeal to the other." It was in this case that it was said, as cited by the appellant: "It is one of the very elements of the law that, when a suitor reaches the parting of the ways in the pursuit of inconsistent remedies, he must elect which road he will follow. The first step taken is an election, and the election, when made, is irrevocable." This and the other cases referred to

might have applied, if the attempt had been made on the part of the petitioners here to set aside the sheriff's sale; but, as we have already said, there was no such effort, and it is simply a question of determining how the proceeds of this sheriff's sale, regularly brought into court, are to be distributed.

It appears that the insolvent debtor had other property than what was sold by the sheriff; but, leaving this fact of the case entirely out of view, we are clearly of the opinion that the court below was right in the decree from which the appeal is taken.

Decree affirmed and appeal dismissed at the costs of the appellant.