Cloverleaf Trailer Sales Company, Appellant, *v.* Pleasant Hills Borough et al.

Argued September 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

reargument refused December 16, 1950.

*John A. Metz, Jr.,* with him *Metz & Metz,* for appellant.

*Louis Rosenberg,* for appellees.

Opinion by Mr. Justice Chidsey, November 13, 1950:

Cloverleaf Trailer Sales Company, appellant, filed its complaint in mandamus against the Borough and council of the Borough of Pleasant Hills and John E. Robinson, borough secretary, appellees, to compel issuance of a permit for operation and maintenance of a trailer camp within the borough in accordance with Ordinance No. 23, which provides for the regulation of trailer camps. This appeal is from the order of the court below sustaining preliminary objections to the complaint and the entry of judgment for appellees.

Cloverleaf Trailer Sales Company, in its complaint, averred, *inter alia*, that it is the owner and operator of a camp as defined in Ordinance No. 23 enacted by the borough on February 9, 1948, and effective on February 13, 1948; that it maintains and operates said camp at the intersection of Lebanon Church Road and Route 51, wholly within the limits of the Borough of Pleasant Hills; that said camp was presently existing on the effective date of said ordinance; that said ordinance has been held valid (*Palumbo Appeal*, 166 Pa. Superior Ct. 557, 72 A. 2d 789); that on May 11, 1950, appellant by letter requested John E. Robinson, borough secretary, to issue permits to it for the years 1948, 1949 and 1950 for maintenance and operation of its camp; that accompanying said request was a check in amount of $75 as payment for the three permits; that on May 12, 1950, appellant was advised that said permits could not be issued for the reason that appellant had not filed with the borough the necessary plan and information required by the ordinance; that sections 4 and 5 of the ordinance requiring submission of numerous data with the application are not applicable to appellant for the reason that they relate only to permits for camps established *after* the effective date of the ordinance; that the act or duty which appellees

are required to perform is the issuance of permits to appellant which duty they have refused to perform; and, that there is no other adequate remedy at law.

Appellees' preliminary objections assert that the complaint does not aver that, since the effective date of the ordinance appellant's trailer camps continued without change or that it was in fact the same camp in May, 1950, that it was in February, 1948; that the complaint itself reveals that there was no failure to perform any administrative duty on the part of any of the appellees; that the complaint fails to show the camp was operating lawfully during the years 1948, 1949, and 1950, that it is presently operating lawfully, and, that it will operate lawfully in the future if a permit is issued; and, that the complaint fails to show that information required by section 5 of the ordinance was submitted when application for the permits was made.

Section 2 of the ordinance declares it to be unlawful for any *presently existing* camp to be maintained or operated unless a permit is issued and section 3 provides for a license fee of $25. Section 4 provides for special application to borough council and issuance of a permit for *establishment* of a camp. Section 5 of the ordinance provides: "Any person or persons, hereafter applying for a permit for the establishment or maintenance of any camp shall file therewith a copy of the plan of the proposed camp drawn to scale and showing the extent of the area to be used for camp purposes. In said plan shall be set forth the proposed roadways, driveways, sites for trailers, house-cars, cabins or cottages, the dimensions of the alloted space of each unit, the proposed sanitary provisions, laundry facilities, washroom provisions, methods for garbage disposal, rubbish and sewage disposal, water supply and lighting systems and toilet provisions." The remaining sections of the ordinance provide detailed regulations for camps.

Appellant concedes that the borough has power to require filing of plans and detailed information as a necessary prerequisite to issuance of a permit for maintenance and operation of its camp. It does not deny that the ordinance in question is a regulatory measure in the interest of public health, safety, morals and welfare and a valid exercise of the police power. It contends, however, that as regards the initial issuance of a permit to it, sections 2 and 3 of the ordinance are solely applicable and that upon a showing of compliance therewith the borough officials are duty bound to issue the requested permits. Appellees contend, and the court below held, that (1) section 5 of the ordinance is applicable to appellant and it is required to submit detailed plans with its application; (2) the complaint fails to aver compliance with the ordinance; and (3) issuance of a permit requires exercise of discretion by borough officials and is not, in the circumstances, a purely ministerial act. The order sustaining preliminary objections and the entry of judgment for appellees will be affirmed.

Section 5 provides that any person or persons "hereafter applying for a permit for the establishment or maintenance of any camp shall file therewith a copy of the plan of the proposed camp drawn to scale and showing the extent of the area to be used for camp purposes". Of particular application to appellant are the words "hereafter applying for a permit for the establishment or maintenance of any camp". The words used necessarily relate to the continued maintenance of an existing camp as well as to the establishment of a new camp. The owner of an existing camp is required to apply for a permit for the continued maintenance thereof. The use of the word "or" must be deemed an intentional and deliberate act. Council must be considered to have intended each word used to be effective and not superfluous: *Commonwealth v. Mack Bros. Motor Car Co.,*

359 Pa. 636, 640, 59 A. 2d 923. This is not a case where "and" and "or" may be substituted one for the other. The legislative intent may be given effect by application of the word "or". No change in language is necessary. See *Pennsylvania Labor Relations Board v. Martha Company*, 359 Pa. 347, 59 A. 2d 166; *Steinruck's Insolvency*, 225 Pa. 461, 74 A. 360. Use of the disjunctive rather than the conjunctive is indicative of an intention that section 5 is to apply to those seeking a permit to maintain a camp already in existence as well as to those seeking a permit for establishment of a camp. . .

Sections 2 and 3 are not inconsistent with section 5. They can and must be read together. Section 2 requires that the continued and lawful operation of a camp presently existing be dependent upon securing a permit for such purpose from the borough. Section 3 merely determines the amount of the fee to be charged for such permit. These sections necessarily require the filing of an application for a permit and it is in this regard that section 5 applies to appellant. .

Appellant further contends that use of the word "proposed" in section 5 can relate only to camps to be established in the future and that use of this word, in conjunction with the language used in sections 2 and 3 clearly reveals an intention to limit the applicability of section 5 to camps not established and operated at the effective date of the ordinance. Assuming that the words of the ordinance are not clear and not free from ambiguity, applicable rules of statutory construction compel a contrary conclusion. A municipal ordinance is in reality a statute and rules of construction applicable to the latter are to be applied with equal force and effect: *Marple Township v. Lynam*, 151 Pa. Superior Ct. 288, 291, 30 A. 2d 208; 2 *McQuillin, Municipal Corporations*, Revised Ed., Sec. 856. Language used must be considered in a sense which harmonizes with and gives effect to the subject matter and the

general purpose and object sought to be achieved: *Pocono Manor Ass'n. v. Allen*, 337 Pa. 442, 12 A. 2d 32. Section 51 of the Statutory Construction Act of 1937, P.L. 1019, 46 PS §551, provides: "When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; ... (6) the consequences of a particular interpretation; ...". See *Commonwealth v. Mack Bros. Motor Car Co.*, supra.

The ordinance being an exercise of the police power and a regulatory measure in the interest of public health, safety, morals and welfare, must be construed, if reasonably possible, to effectuate the salutary purpose of the ordinance. The ordinance was passed to remedy a public health hazard created by reason of inadequate sewage disposal facilities at trailer camps. See *Palumbo Appeal*, supra. The necessity for the ordinance is not denied. Nor is it now suggested that the regulations are not reasonably adapted to remedy the situation. To adopt the strict interpretation which appellant seeks would mean that enforcement of the ordinance with regard to it would be postponed until a permit was issued, whereupon the burgess, pursuant to section 15, would be required to suspend the permit. Appellant could, by appeal to council and perhaps the courts, delay indefinitely correction of the evil presently existing. This result was certainly never intended and this Court will not do violence to the ordinance in so holding.

Having in mind settled principles of statutory construction, use of the word "proposed" in section 5 is wholly consistent with the determination that an application for a permit to enable a pre-existing camp to

be lawfully maintained must have filed therewith a copy of a plan as therein provided.

The court below did not err when it held that appellent, relying upon the ordinance for the right asserted and the duty asked to be enforced, was required to show compliance with the provisions of section 5. Cf. *Simco Sales Service of Pennsylvania v. Brackin,* 344 Pa. 628, 26 A. 2d 323. The preliminary objections to the complaint in mandamus were, therefore, properly sustained.

Judgment affirmed.

----

DISSENTING OPINION BY MR. JUSTICE ALLEN M. STEARNE:

It is plain to me that the ordinance in question distinguishes trailer camps *"presently existing"* from those "hereafter [to] be established." Under its terms a permit is to be issued to the former upon the payment of $25 but for the latter no permit fee is provided. Section five (and the following sections) refers to applications for permits "for the *establishment or maintenance* of any camp." Such provisions obviously refer, both in words and spirit, to *future* projects. In such applications for permit the ordinance requires applicant to present a copy of the plan of the *proposed* camp and show *proposed* roadways, drives, sites, etc. This provision cannot refer to a presently existing camp because, in already established camps, there are no *proposed* roadways, drives, sites, etc. *They already exist.* Sections 7 to 16 inclusive are detailed sanitary rules and regulations with penalties for violation.

I concede that the Borough may make and enforce reasonable sanitary or police regulations. But the present ordinance, neither in words nor by necessary implication requires the owner of a *"presently existing"* camp to file the *same* application with similar require-

ments as an applicant who desires to establish and maintain a PROPOSED camp. If the ordinance was intended to apply to *all* camps, established or proposed, it would not have made the distinction. Such distinction would be meaningless. The Borough Council manifestly does not intend a result that is absurd: Statutory Construction Act of 1937, May 28, P. L. 1019, Art. IV, sec. 52, 46 PS 552. The fact that the Borough may hereafter promulgate and enforce sanitary rules or police regulations similar to those prerequisite to a permit for a "proposed camp" should not be considered in this case and is not now before us.

I would reverse the judgment and, therefore, dissent.