## Duross Estate

*Korn & Cohan*, for petitioners.

KLEIN, P. J., February 21, 1962.—William Duross, a member of the Philadelphia police force, was killed in the performance of "extra hazardous duties" on April 15, 1960. He was survived by his wife, Doris L. Duross, and by two minor children, Margaret Ruth Duross, born April 2, 1952, and William Harvey Duross, born September 18, 1956.

The City of Philadelphia, by ordinance, §21-105 of the Philadelphia Code, as amended by the Ordinance of February 4, 1958 (p. 35), created a Hero Award Committee, with authority to make Hero Awards in

the sum of $10,000, payable in 50 monthly installments of $200, each, to certain designated dependents of policemen, firemen and park policemen, who are killed in the performance of "extra hazardous duties."

The preamble to the ordinance sets forth the reason for the creation of the award in the following language:

"WHEREAS, Firemen, policemen and park policemen, without fear or hesitancy and in accordance with the highest ideals and standards of service daily risk their lives in the performance of certain duties on behalf of the citizens of this City; and

"WHEREAS, The City desires to encourage the heroic acts of these men and to give recognition to and honor those who give their lives on behalf of the citizens of our City; . . ."

The Hero Award Committee, pursuant to the authority conferred upon it by the ordinance, granted a Hero Award in the sum of $10,000 to Doris L. Duross, surviving widow of William Duross, payable in 50 monthly installments of $200 each, commencing April 1960. The widow, after receiving eight monthly installments, in the total amount of $1,600, married Joseph L. Goetz on December 2, 1960, thus becoming ineligible for additional payments under the award. She is desirous, however, of obtaining the balance of the award, i.e., the remaining 42 monthly payments of $200, each, or a total of $8,500, for her two minor children.

A question has been raised as to the right of the children to receive the unpaid balance of the award.

Donald S. Cohan, a respected member of our bar, has agreed to act as attorney for the minors, as a public service, without compensation, and to endeavor to secure for them the balance of the benefits due under the ordinance. As a first step, he has filed a petition, on their behalf, with the consent of the children's mother, asking for the appointment of Esther Polen,

who is also a highly regarded lawyer, as guardian of the estates of the two minors. Mrs. Polen has also agreed to serve without compensation.

In paragraph 9 of his petition, Mr. Cohan stated:

"9. That the said minors have no other property or assets and if they are not entitled to the aforesaid money payments, then no useful purpose will be served by the appointment of a guardian of their assets at this time."

Subsection 6 of the ordinance creating the Hero Award provides:

"(6) The payments provided for in this section shall be made in the following order of priority:

"(a) surviving widow, if she was living with deceased at the time of his death, or was actually dependent upon him at such time; and payments shall continue so long as she remains unmarried;

"(b) dependent children, which shall include stepchildren, children to whom deceased stood in loco parentis, and posthumous children;

"(c) dependent parents.

"If the member or members of any of the above classes fail to qualify or cease to be eligible for the payments herein provided, then such payments shall be made to the member or members of the next lower class qualified to receive payments. If no person in any of the above classes qualifies, then the payments shall cease."

There is not the slightest doubt in the mind of the hearing judge that the two minor children of William Duross, the deceased "Hero", are entitled to receive the remaining installment payments under the plain language of the Hero Award Ordinance.

The Statutory Construction Act of May 28, 1937, P. L. 1019, states in section 51:

"When the words of a law are clear and free from

all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

A municipal ordinance is tantamount to a statute in this respect, and rules of construction applicable to the latter are to be applied with equal force and effect to the former: Cloverleaf T. S. Co. v. Pleasant Hills Boro., 366 Pa. 116 (1950) ; Marple Township v. Lynam, 151 Pa. Superior Ct. 288 (1943) ; 2 McQuillin, Municipal Corporations, (Revised ed.) § 856.

The Hero Award Ordinance specifically covers the contingency which exists in the present case. It provides:

"If the member or members of any of the above classes . . . cease to be eligible for the payments herein provided, then such payments shall be made to the member or members of the next lower class qualified to receive payments. . . ."

Doris L. Duross, now Goetz, the officer's widow, having remarried, is no longer eligible to receive the installment payments under subsection 6(a) of the ordinance. The payments should, therefore, be made to Margaret Ruth and William Harvey Duross, the dependent children of William Duross, as members of the next succeeding class, defined in subsection 6(b), as qualified to receive payments.

This conclusion conforms not only to the plain language of the ordinance but also to its spirit, because it benefits the minor, dependent children of a deceased hero.

We will, therefore, grant the prayer of the petition, and enter a decree appointing Esther Polen as guardian of the estates of Margaret Ruth Duross and William Harvey Duross, the minors, in order that she may take the necessary steps to collect, in their behalf, from the City of Philadelphia, the remaining installments of $200, each, due them from the Hero Award, arising from the death of their father.

*Decree*

And now, February 21, 1962, upon consideration of the within petition, after hearing held, Esther Polen, Esq., is appointed guardian of the estates of Margaret Ruth Duross and William Harvey Duross, minors.

No money or property to be received by the guardian until security is ordered and entered.