**HEGNER PHARMACY SERVICES, INC., Appellant,**

v.

**BOROUGH OF BEAVER.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2001.

Decided Nov. 13, 2001.

Edward S. Young, Beaver Falls, for appellant.

John J. Petrush, Beaver, for appellee.

Before PELLEGRINI, Judge, LEADBETTER, (P.)Judge, JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

Hegner Pharmacy Services, Inc. (Hegner) appeals from an order of the Court of Common Pleas of Beaver County (trial court) modifying a decision of the Beaver Borough Council (Borough Council) determining that only that portion of Hegner's gross receipts derived from the preparation and dispensing of prescription drugs and devices were subject to the Borough of Beaver's (Borough) Business Privilege Tax.

In March 1960, the Borough enacted Ordinance No. 454 establishing a Mercantile License Tax (Mercantile Tax). The Mercantile Tax was at the rate of one and one-half mills on each dollar of the volume of gross business transacted and applied to retail vendors or dealers in "goods, wares and merchandise." The Borough also established the Business Privilege Tax in December 1979 by Ordinance No. 608. The rate of the Business Privilege Tax was five and one-half mills on each dollar of the volume of gross receipts of a business. "Business" is defined in Section 702(A) of the Business Privilege Tax Ordinance as "the carrying on or exercising whether for gain or for profit or otherwise within the Borough, any trade or business .... [or] any profession...." Section 702(B) of the Ordinance further provides that a "business" for the purpose of the Business Privilege Tax "shall not include that portion of any business which is subject to the Borough of Beaver mercantile tax."

Hegner, a retail pharmacy engaged in the business of filling and selling prescription medication and various other non-prescription items, had been in operation in the Borough since January 1997. Although it had filed returns in 1997 and 1998 and paid taxes under the Borough's Mercantile Tax Ordinance, it had not filed any returns or paid any taxes under the Business Privilege Tax Ordinance.

In October 1998, the Borough's Tax Collector requested written advice from the Borough Solicitor regarding the application of the Business Privilege Tax to pharmacies. Because the Borough Solicitor determined that the Business Privilege Tax Ordinance applied to "any profession," and the practice of pharmacy was a profession pursuant to the Pharmacy Act,[1] the Borough's Tax Collector issued a notice of assessment and underpayment of tax to Hegner stating that the gross receipts of its business were subject to the Business Privilege Tax for the 1997 and 1998 tax years. Hegner appealed that determination to Borough Council contending that because its business was subject to the Mercantile Tax, it was not required to file returns or pay any tax under the Business Privilege Tax Ordinance. Borough Council subsequently upheld the Tax Collector's

1. Act of September 27, 1961, P.L. 1700, as amended, 63 P.S. §§ 390-1—390-13.

determination and Hegner appealed to the trial court.

■ Based on a stipulation of facts submitted by the parties, the trial court determined that pursuant to Section 2 of the Pharmacy Act, 63 P.S. § 390–2,[2] the practice of pharmacy was a profession subject to the Business Privilege Tax, but the trial court went on to modify the original assessment determining that only that portion of Hegner's business that was derived from the preparation and dispensing of prescription medication and devices was subject to the Business Privilege Tax and not the business as a whole. Hegner's appeal followed.[3]

On appeal, Hegner contends that because the preparation and dispensing of prescription drugs, medicines and devices are sales at retail and involve the sale of "goods, wares and merchandise," they are subject to the Mercantile Tax, making the Business Privilege Tax inapplicable to those sales. The Borough contends, however, that because the term "business" as defined in Section 702(A) of the Business Privilege Tax encompasses any profession and the practice of pharmacy is a profession, the disbursement of prescription drugs and apparatus prepared and dispensed by pharmacists was subject to the Business Privilege Tax and not the Mercantile License Tax.

■ Although the practice of pharmacy is a profession, the Business Privilege Tax does not impose a tax just on professionals, but on all businesses, and the Business Privilege Ordinance specifically excludes from its calculation gross receipts subject to the Mercantile Tax, regardless of whether a person is engaged in a profession or a business. By contending that because the practice of pharmacy is a profession that the sale of prescriptions must be subject to the Business Privilege Tax Ordinance, the Borough "flips" the issue from one centering on the exclusion of the sale of goods from the Business Privilege Tax to one in which sales made by professionals are not the sale of goods at all but professional services.

In *Appeal of Biser*, 317 Pa. 190, 176 A. 200 (1935), a case similar to this one, the Supreme Court of Pennsylvania rejected such an argument determining that even though the practice of pharmacy constituted a "profession" rather than a "business", medicines sold by pharmacists constituted "tangible personal property" subject to the Sales Tax Act. In so holding, the Supreme Court stated:

> The circumstance that the state requires of pharmacists certain qualifications because they deal with substances which may be injurious unless measured and mixed with caution is no reason why the resulting medicine when sold should not be subject to the terms of the act. There are many articles as to the manufacture, handling, and sale of which the

---

**2.** Section 2 of the Pharmacy Act defines the practice of pharmacy as follows:

The practice of that *profession* concerned with the art and science of preparing, compounding and dispensing of drugs and devices, whether dispensed on the prescription of a medical practitioner or legally dispensed or sold directly to the ultimate consumer, and shall include the proper and safe storage and distribution of drugs, the maintenance of proper records therefor, and the responsibility of relating informa-

tion as required concerning such drugs and medicines and their therapeutic values and uses in the treatment and prevention of disease.... (Emphasis added).

**3.** Our standard of review in a tax appeal is to determine whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *In re Marple Springfield Center, Inc.*, 530 Pa. 122, 607 A.2d 708 (1992).

state prescribes regulations in order to insure a safe and sanitary product.

The court does not consider it necessary to discuss the appellant's contention that the practice of pharmacy constitutes a "profession' rather than a "business." Those words are popular rather than 'legal' terms. A minister's sermon, or a brief prepared by a lawyer, or a physical examination of a patient by a physician, is not the subject of a sale, but a bottle of medicine is. It may well be that pharmacy is a 'profession,' but that is no reason why the Legislature should not tax the sale of medicines compounded by a pharmacist, and the act makes no distinction in favor of pharmaceutical products, nor excepts them from the general class of 'tangible personal property.'

*Id.* at 191, 176 A. at 200.

Although a pharmacist may use the professional knowledge and expertise acquired from formal educational training in filling prescriptions pursuant to physicians' orders or determining the proper medical apparatus to provide a customer, and may indeed be classified as a professional by working in this capacity, what we focus on is whether there is a sale transaction between the pharmacy and the customer making the transaction subject to the Mercantile Tax. Because the distribution of prescription medication and devices constitutes the sale of goods and is properly taxed pursuant to the Mercantile Tax, the gross receipts from those sales are excluded from taxation under the Business Privilege Tax Ordinance.

Accordingly, that portion of the trial court's order determining that Hegner's gross receipts derived from the preparation and dispensing of prescription drugs and devices was subject to the Business Privilege Tax is reversed.

### *ORDER*

AND NOW, this *13th* day of *November,* 2001, the portion of the order of the Court of Common Pleas of Beaver County dated May 23, 2000, determining that Hegner Pharmacy Services', Inc. gross receipts derived from the preparation and dispensing of prescription drugs and devices was subject to the Business Privilege Tax is reversed.

JIULIANTE, Senior Judge, Dissenting.

I respectfully disagree with the Majority's determination that the gross receipts from the sale of prescription drugs, medicines and devices should be excluded from taxation under the Business Privilege Tax Ordinance. Business, for purposes of the business privilege tax, "shall not include that portion of any business which is subject to the Borough of Beaver Mercantile Tax." The Business Privilege Tax Ordinance's definition of "business" is broad and expressly includes "any profession."[1]

As the Borough points out, our Supreme Court in *Sterling v. City of Philadelphia,* 378 Pa. 538, 106 A.2d 793 (1954) held that a legislative body in an ordinance may furnish its own definitions for words used therein that may differ from the common

---

1. Section 2 of the Pharmacy Act, defines "pharmacy" as

   the practice of that profession concerned with the art and science of the evaluation of prescription orders and the preparing, compounding and dispensing of drugs and devices, whether dispensed or provided to a consumer, and shall include the proper and safe storage and distribution of drugs,

   the maintenance of proper records, the participation in drug selection and drug utilization reviews and the responsibility of relating information as required concerning values and uses in the treatment and prevention of disease....

   Act of September 27, 1961, P.L. 1700, *as amended,* 63 P.S. § 390–2.

usage. Further, the Court in *Sterling* ruled that it was entirely competent for the ordinance at issue therein to include professions in its definition of businesses in order to explain the coverage it intended by its use of businesses.

I would reject Hegner's argument that Ordinance Section 702(B), which provides that business for purposes of the business privilege tax shall not include that portion of any business subject to the mercantile tax, means that the pharmacy is not subject to any business privilege tax whatsoever because it pays mercantile license tax. The implicit flaw in such an argument is Hegner's contention that its business consists *only* of dealing in goods, wares and merchandise so that all of its activity is subject *only* to the mercantile license tax. Hegner has conveniently ignored the fact that, due to the prescription medicine aspect of its activities, it is *also* engaged in the practice of the profession of a pharmacy.

Moreover, I would point out that Hegner could not conduct the sale of prescriptions to customers absent a pharmacy license whereas there is no license required to sell customers tubes of toothpaste or hair dye. In addition, unlike general commercial products, many prescription items are not resold to the consumer in the same finished and pre-packaged form in which they were provided by the wholesaler. Prior to retail distribution, many prescription items are subject to the art and science of the pharmacist.

Further, one cannot disregard Section 702(A) of the Ordinance, the definition of business for purposes of the business privilege tax, and concentrate only on Section 702(B), the exclusion for portions of any business subject to the mercantile license tax. I would emphasize the statutory con-

struction principles that "[e]very statute shall be construed, if possible, to give effect to all of its provisions" and that the legislative body intended the entire statute or ordinance to be effective. Sections 1921(a) and 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1921(a) and 1922(2).[2]

Simply stated, the non-professional aspect of Hegner's business should be subject to the mercantile license tax and the professional aspect should be subject to the business privilege tax. There is no double taxation because the definition of business expressly excludes from the business privilege tax that portion of the business subject to the mercantile tax.

As for the Majority's reliance upon *Biser*, I would instead conclude that it is inapposite to the present case. In *Biser*, the Supreme Court held that the sale of prescription medicines was subject to a state sales tax on tangible personal property. The holding was undoubtedly correct in that a bottle of medicine is clearly an item of personal rather than real property and is certainly tangible. The tax in *Biser*, however, was assessed upon a particular type of transaction rather than the exercise of a privilege.

Further, I would note that the Supreme Court in *Biser* stated that the status of the taxpayer as a professional was not determinative of the issue of liability. In addition, the act at issue in *Biser* made no distinction in favor of pharmaceutical products nor excepted them from the general class of tangible personal property. In contrast, the ordinance at issue in the present case is quite different in that the definition of business subject to the business privilege tax specifically includes professions.

---

2. The rules of statutory construction are applicable to a municipal ordinance. *Cloverleaf*

*Trailer Sales Co. v. Pleasant Hills Borough,* 366 Pa. 116, 76 A.2d 872 (1950).

Finally, I would note that the language of the exclusion in Section 702(B) does not provide that a business subject to the business privilege tax "shall not include any business which is subject to the mercantile tax." Rather, that section provides that a business subject to the business privilege tax "shall not include *that portion of* any business which is subject to . . . mercantile tax." Ordinance Section 702(B) (emphasis added). Thus, there is a limitation on the scope of the exclusion, in recognition that some businesses, such as pharmacies, may involve the sale of goods as well as the performance of professional or other services.

Accordingly, I respectfully dissent.