Burgis *v.* Philadelphia County, Appellant.

Argued March 22, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

24

*William T. Connor,* Solicitor for County Commissioners, for appellant.

*Horace Michener Schell,* for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

The plaintiff, who conducted a laundry service, brought a statutory action[1] to recover from the County of Philadelphia damages sustained as a result of a riot. The mob broke the windows of his place of business and took or destroyed packages of goods, finished and unfinished, left by his customers.

The Act in question reads: "In all cases where any dwelling house or other building or property, real or personal, has been or shall be destroyed, within the county of Philadelphia, in consequence of any mob or riot, it shall be lawful for the person or persons interested in, and owning such property, to bring suit. . . for the recovery of such damages as he or they sustained by reason of the destruction thereof. . ." Appellant, the County of Philadelphia, contends that the plaintiff was not the "owner" of the goods destroyed, and therefore cannot recover. While in one sense the plaintiff was not the "owner," in the broad sense he undoubtedly

---

[1] Act of 1841, P. L. 415, 16 PS §3921.

was. The statute is a remedial one and therefore should be liberally construed: *County of Allegheny v. Gibson's Son & Co.*, 90 Pa. 397, 421. The presumption is that the legislature did not intend a result that is absurd, impossible of execution or unreasonable: Statutory Construction Act, §52, 46 PS §552.

Aside from everything else, the plaintiff was a bailee, and it has long been the rule in Pennsylvania that "a bailee in possession of personal property, is entitled, as against a third party, to recover the full value of the bailed property in case of its destruction or conversion by the third party, the bailee being liable over to the bailor for any damage recovered in excess of his interest.": *Smyth v. Fidelity and Deposit Co. of Maryland*, 125 Pa. Superior Ct. 597, 190 A. 398, aff. 326 Pa. 391, 192 A. 640; *McCrossan v. Reilly*, 33 Pa. Superior Ct. 628; and the bailee's right of action is not dependent upon his liability to the bailor. See 8 C. J. S., Bailments, §39 (b), and *Juniata Acceptance Corporation v. Hoffman*, 139 Pa. Superior Ct. 87, 11 A. 2d 494.

It is also true that in the phrase of the Act reading, "it shall be lawful for the person or persons interested in, and owning such property [to recover damages]" the word "and" must be read as "or." While it is scarcely necessary to cite authorities for this, see *Pennsylvania Labor Relations Board v. Martha Company et al.*, 359 Pa. 347, 352, 59 A. 2d 166, citing *U. S. v. Fisk*, 70 U. S. 445, 447.

No one can have a greater interest than that of an *owner*, and if ownership, literally, were deemed to be the essential for recovery under the Act, there would have been no occasion to add the words granting the right of recovery to *"persons interested in . . .* such property." (Italics supplied). Therefore the words "interested in" must be given some meaning other than "owning."

Appellant alleges that plaintiff's proof of damages was insufficient. The evidence was that soiled clothing brought to plaintiff's store was marked and listed, the customer receiving a duplicate copy of the list, which also identified the package by number and laundry mark. Plaintiff also kept a ledger in which the laundry number, customer's mark or number, and the laundry price were entered. Following the riot customers came in with their receipts or lists. If the package was not found, plaintiff knew that it had been stolen or destroyed. He then obtained from the customer's duplicate list the identification of the soiled clothing which had been left with him. After the lapse of four weeks plaintiff totaled the number of missing items from the claims and checked the items against his ledger entry to ascertain that the claim was fairly and honestly stated. From the lists and ledger the plaintiff proceeded to determine as to each customer the total of the items that were missing, to wit, sheets, pillow cases, shirts etc. He had a knowledge of the fair and reasonable price of items of this character, and arrived at the price per dozen for them, thus taking into consideration what might be deemed depreciation or wear and tear. On the basis of this determination he then paid each of 101 customers the loss sustained. This was a proper liquidation of damages. The weight of the evidence was for the jury, though it was not bound to accept the plaintiff's version. The evidence afforded a reasonable, fair basis for calculating the loss: *Western Show Co., Inc. v. Mix*, 308 Pa. 215, 162 A. 667; *Lach v. Fleth, Admr.*, 361 Pa. 340, 64 A. 2d 821. Our Judge DITHRICH, when on the Common Pleas of Allegheny County, made the same ruling in *Fine v. Wholesale Cleaners & Dyers Assn. et al.*, 24 D. & C. 281. A similar case under this same Act is *Brothers of the Order of Hermits of St. Augustine v. County of Philadelphia*, 7 Pa. Law Journal Reports

124. The plaintiff liquidated these damages in the only way possible, and is not to be deprived of his verdict because mathematical exactitude was impossible. The law has never required that the proof of damages be established with mathematical exactness.

Judgment affirmed.