## Braid *v.* Philadelphia County, Appellant.

Argued March 22, 1951. Before RHODES, P. J., HIRT,
RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J.,
absent).

*William T. Connor,* Solicitor for County Commis-
sioners, for appellant.

*Horace Michener Schell,* for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

The essential facts in this case are substantially the same as in Burgis v. County of Philadelphia, 169 Pa. Superior Ct. 23, 82 A. 2d 561. The appellant city contends again that there was not sufficient evidence of the value of the goods or merchandise alleged to have been destroyed. The plaintiff, who died pending suit, was the owner of a variety store in the city. The rioters broke the windows and took from them goods that were displayed therein.

In our opinion there was ample competent evidence on the question of damages. The son of the plaintiff had put the articles in the window for display, and testified that he knew accurately what these goods were. He reexamined the window immediately after the rioting and the goods were gone. The next morning, the son made a complete list of the goods he had placed in the window. This list was based on his recollection but he was quite positive of its accuracy. The father (original plaintiff) assisted in this. As to the prices of the goods thus inventoried he testified that within two or three days he obtained from the current file bills or prices of the articles in question, and the price of the articles was put on at the same time. He testified that these were the cost to his father at the wholesale prices, with which he was familiar. He had been working with his father in the store for some years, and some of the articles had been purchased by him. His testimony cannot be discredited because he could not state from which of three or four dealers some of the articles (such as pipes) had been bought. The weight of his testimony was for the jury, and the plaintiff was not required to liquidate damages with mathematical exactitude. See Burgis v. County of Philadelphia, supra, and the cases therein cited.

Judgment affirmed.