**PERFECT PHOTO, INC., Plaintiff,**

v.

**Warren G. GRABB, Defendant.**

**Civ. A. No. 29918.**

United States District Court
E. D. Pennsylvania.

Jan. 23, 1962.

On Motion for Modification
June 20, 1962.

S. Gordon Elkins, of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

M. Carton Dittmann, Jr., of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Plaintiff has moved for summary judgment in an action brought under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b), for profits realized by defendant on so-called "short swing" transactions. The Act permits corporate recovery of profits made by an "insider" from the purchase and sale of the corporation's stock within any period of less than six months.

The statutory standards are that the "equity security" must be registered on a national securities exchange and that the insider must be one who directly or indirectly is the beneficial owner of more than 10% of any class of such security or who is a director or an officer of the issuer of such security [§ 16(b) ].

Section 16(b) provides: "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or

the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."

Defendant was an officer and director of plaintiff corporation on October 8, 1959, when he purchased 1,800 shares of its common stock at a price of $14. per share. He remained an officer and director until March 3, 1961, long after the events here involved. On February 19, 1960, well within six months from the date of purchase, defendant sold 100 shares of the stock for a total price of $4,601.66, or a profit of $3,201.66. A few days later, on February 23, 1960, he sold a block of 300 shares for $13,804.96, and a block of 100 shares for $4,605.81, or a total of $18,410.77, on which his profit was $12,810.77. The total profit realized by defendant on the sales of February 19 and February 23 was $16,012.43. It is this amount which plaintiff seeks to recover.[1]

The case clearly meets all the statutory provisions except that the stock was not already registered on a national securities exchange when defendant purchased it on October 8, 1959, although it was registered while he was the owner on January 11, 1960, and remained registered when he sold it in February 1960.

The Securities Exchange Act of 1934 is a broadly remedial statute intended to cure widespread abuse by corporate managers of their fiduciary relationship to the corporation and its stockholders. Smolowe v. Delendo Corp., 136 F.2d 231 (2d Cir. 1943), certiorari denied, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446; Adler v. Klawans, 267 F.2d 840 (2d Cir. 1959). In harmony with this purpose § 16(b) affords the classic remedy for abuse of trust: the recovery by the cestui que trust of the profits made by the fiduciary.

It is urged by defendant that the requirements of § 16(b) have not been met because the stock was not registered on a national securities exchange at both ends of the transaction: the time of purchase and the time of sale of the stock. § 16(b) speaks of profit realized by an insider "from any purchase *and* sale" or "any sale *and* purchase" of an equity security within the six months period. Were it necessary we would readily construe "and" as meaning "or", under the familiar canon of statutory construction: United States v. Fisk, 3 Wall. 445, 448, 18 L.Ed. 243 (1866); Peacock v. Lubbock Compress Co., 252 F.2d 892, (5th Cir. 1958).[2] See also Pennsylvania Labor Relations Board v. Martha Co., 359 Pa. 347, 352, 59 A.2d 166 (1948); Burgis v. Philadelphia County, 169 Pa. Super. 23, 25, 82 A.2d 561 (1951). But the use of the conjunctive was necessary to describe the facts of purchase *and* sale from which a profit is realized; there could be no profit from a purchase without a sale.

The statutory purpose is emphasized by the last sentence of § 16(b) which specifically directs that beneficial ownership of more than 10% of any class of stock must exist at both the time of purchase and the time of sale. It was pointed out in Adler v. Klawans, 267 F.2d 840 (2d Cir. 1959), that the doctrine of *expressio unius est exclusio alterius* leads to the conclusion that the requirement is limited to the single case specified, that of the owner of 10% of a class of security and therefore does not apply to an officer or director.

The Adler case applied the statute even though the defendant became a director after he had purchased the stock. The remedial purpose of Congress would have

---

1. The complaint also sought profits made on a third transaction, where both the purchase and subsequent sale were made while defendant was no longer an officer or director. Plaintiff concedes that it is not entitled to recover on that transaction.

2. "The word 'and' is not a word with a single meaning, for chameleonlike, it takes its color from its surroundings", at p. 893.

greater applicability where the element of registration on a national exchange arises within the six months period, than in the case of a stockholder becoming an officer or director. One already an insider would readily have advance knowledge of the proposed registration of the company's securities. In the present case the affidavit of the defendant shows that he entered upon his employment with the corporation in contemplation that its stock would be offered to the public. It has therefore been made clear, and indeed it would be implicit, that the insider's knowledge of a prospective registration, with its possible effect on the price of the security, opens the door of opportunity to a director of a corporation to profit on short term transactions in its stock.

■ Accordingly, since § 16(b) does not expressly require that the stock held by an officer or director of a corporation must be registered on a national securities exchange at the time it was purchased as well as when it was sold, we will not infer such a requirement contrary to the manifest statutory purpose. Congress did specify the both ends requirement on purchase and sale by an insider owning more than 10% of a class of security. Its silence on registration may not be converted into a command.*

■ Defendant raises two additional defenses. They are based on the allegations in defendant's affidavit that he was induced to enter into his employment with the corporation on the agreement of Karl Hope, plaintiff's president and sole stockholder, to finance his purchase of $25,000 of the corporation's stock when it was offered for sale; that Hope did in fact guarantee a bank loan of $25,000. to defendant with which he purchased the 1,800 shares, which were pledged as collateral for the demand note which evidenced the loan. Defendant alleges that the loan was to be repaid as soon as possible and that it was to repay the loan that he sold the stock. From these circumstances defendant claims that plaintiff is now estopped from recovering defendant's profits from the purchase and sale of the stock. He also urges that the transaction was "akin" to a stock option, stock bonus, profit sharing or incentive plan, which are exempt from the operation of § 16(b) by Rule X-16B-3, 17 C.F.R. § 240.16b-3.

The remedial purpose of the statute precludes the application of the doctrine of estoppel in the present case. The statute seeks to protect stockholders from the acts of corporate insiders. To estop the corporation because of the acts of such insiders would defeat its purpose. It is in manifestation of this purpose that § 29(a) of the Act (15 U.S.C.A. § 78cc) explicitly prohibits any attempt to alter or waive the requirements of the Act even by the express agreement of the parties. See Jefferson Lake Sulphur Co. v. Walet, 104 F.Supp. 20, 24 (E.D.La.1952).

In any event the doctrine of estoppel could not be invoked against the corporation in this case, because defendant's affidavit alleges merely a private transaction between him and Hope, in which Hope agreed to pledge his individual credit. There is nothing in the affidavit which affords any basis for fastening on the corporation any part of Hope's undertaking with the defendant.

For the same reason the transaction is not exempt under Rule X-16B-3. There is no shred of evidence of a corporate act in establishing a stock option, stock bonus, profit sharing or incentive plan, and only such corporate plans are exempt from § 16(b) by Rule X-16B-3, 17 C.F.R. § 240.16b-3.

Accordingly plaintiff's motion for summary judgment will be granted and judgment will be entered in the amount of $16,012.43, with interest on $3,201.66

* In accord with this conclusion are 2 Loss, Securities Regulation (2d ed. 1960), p. 1061; Rubin and Feldman, Statutory Inhibitions Upon Unfair Use of Corporate Information by Insiders, 95 U. of Pa.L.Rev. 468, 488 (1947); Cook and Feldman, Insider Trading Under the Securities Exchange Act, 66 Harv.L.Rev. 612, 632 (1953).

from February 19, 1960, and on $12,-810.77 from February 23, 1960. Counsel will submit an appropriate form of order.

## On Motion for Modification.

Defendant has filed a motion for modification. He seeks to eliminate the item of interest in our award of summary judgment in favor of the plaintiff for "short swing" profits which defendant realized while he was an officer and director of the corporation. Defendant points to the decision of the Supreme Court in Blau v. Lehman, 368 U.S. 403, 82 S.Ct. 451, 7 L.Ed.2d 403 (1962), handed down one day before our original opinion was filed, as announcing the standard that in cases such as this interest should not be awarded if it would be unfair or inequitable to do so. He argues that the present case falls short of that standard and interest therefore should not be required because: (1) the award made is the equivalent of a "penalty" on which interest is not granted; (2) interest should be allowed only to compensate a plaintiff for the loss of use of money, where as here plaintiff suffered no actual money damage; (3) there is no evidence of the unfair use by the defendant of inside information; and (4) the governing rule of law was in doubt and it would be harsh to require interest in addition to the principal in the very case in which the doubtful legal question was determined for the first time.

■ 1. An award for profits made by an "insider" in a "short swing" transaction is not the imposition of a penalty analogous to a criminal fine. It is compensation to the corporation for the breach of a statutory duty fastened on the "insider". The statute is remedial and not penal. Adler v. Klawans, 267 F.2d 840, 846 (2d Cir. 1959). The present case therefore is the very opposite of Rodgers v. U. S., 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947). There interest was refused on an award which the Agricultural Adjustment Act of 1938, 7 U.S.C.A. § 1348, specifically designated as a penalty. The Court found, moreover,

that the purpose of Congress in requiring the penalty was not to raise revenue for the Government's financial advantage, but to deter farmers from exceeding their quotas.

■ 2 & 3. The fact that the plaintiff suffered no money damage and the absence of proof that defendant actually made any unfair use of inside information, are not decisive. This is because of the nature of the remedy created by § 16(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78p(b)). Congress evidently believed that there was widespread violation by corporate insiders of their fiduciary obligation. To prevent such violations and to remove the temptation, Congress fashioned a preventive remedy. It limited the remedy to "short swing" transactions, but it made it available to the corporation in absolute terms without regard to the individual circumstances. It thus raised to the level of absolute liability the realization by an insider of a "short swing" profit. The statutory proscription is absolute, and liability is fastened on the officer or director without any showing of actual use of inside information. In thus creating absolute liability on the part of "insiders" for "short swing" profits and abolishing the need for proof of actual abuse of trust, Congress surely did not intend that the corporation should be required to enter upon such proof on the subordinate question of interest. Without pressing the analogy, we may roughly describe the remedy under § 16(b) as a remedy for a breach of trust which the statute presumes to have occurred when a "short swing" profit is realized by an insider. Since interest normally is awarded in cases involving a breach of fiduciary obligation (2 Scott on Trusts § 207 (2d Ed. 1956); Restatement of the Law, Trusts 2d, § 207), the burden of showing that its allowance would be unfair or inequitable is on the defendant. The defendant has not met his burden.

■ 4. We see no reason to deny interest because defendant was able to make a bona fide argument on the ques-

tion of liability. See Adler v. Klawans, 172 F.Supp. 502, 506 (S.D.N.Y.1958), affirmed 267 F.2d 840 (2d Cir. 1959). The statute, as we have seen, establishes a duty of a fiduciary nature. This duty was breached by defendant and the accounting which he should make to the plaintiff should be a full one. A full award requires the payment of interest as well as principal.

█ Finding as we do that defendant has not met the burden of showing some overriding inequity in the award of interest, we conclude that the award should follow the normal course and bear interest, as we indicated without discussion of the subject in our original opinion.

## ORDER

AND NOW, June 20, 1962, defendant's Motion for Modification is denied and it is ordered that judgment be entered in favor of plaintiff and against defendant in the amount of $16,012.43, with interest at the rate of 6% per annum on $3,201.66 from February 19, 1960, and on $12,810.77 from February 23, 1960.