PERFECT PHOTO, INC., Plaintiff,

v.

Harry J. SENTIFF, Defendant.

Civ. A. No. 29917.

United States District Court
E. D. Pennsylvania.

Jan. 23, 1962.

On Motion for Modification
June 20, 1962.

S. Gordon Elkins, of Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for plaintiff.

M. Carton Dittmann, Jr., of Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

This is a companion case to Perfect Photo, Inc. v. Grabb, 205 F.Supp. 569, in which we have this day filed an opinion. As in that case, plaintiff has moved for summary judgment for profits realized by defendant on so-called "short swing" transactions under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b).

The complaint alleges that defendant purchased 14 shares of stock of Perfect Photo, Inc., on October 23, 1959 [1] and sold them less than six months later, on April 14, 1960. Defendant realized a profit of $536.99, the difference between the purchase price of $196 and the sale price of $732.99. Substantial sales occurred a short time later, but beyond six months from the date of purchase of the stock. Defendant was an officer and director of Perfect Photo, Inc. during the entire period of the transaction.

The main defense here, as in the Grabb case, is that the transaction does not fall within § 16(b) of the Securities Exchange Act of 1934 because the stock was not registered on a national securities exchange until January 11, 1960, almost three months after defendant's purchase.

■ For the reasons stated in the Grabb case, registration on a national securities exchange need not prevail as a factor from the time of the purchase and ending with the sale within the statutory period of less than six months. Defendant urges us to withhold summary judgment because this is a question of first impression. But the function of summary judgment is to terminate an action by decision where there are no material factual disputes and the issue raised is a pure question of law. The complexity or novelty of a legal issue affords no justification for postponement of its decision. To withhold judgment now would be to delay decision until trial in disregard of the function of a trial, which is to determine disputed issues of fact and whatever legal questions are intermingled with it.

Although defendant in his answer admitted the purchase of the stock as alleged in the complaint, later, after plaintiff moved for summary judgment, he filed an affidavit in which he seeks to extend the period of his holding of the stock beyond six months. The affidavit alleges that at the time of his purchase on October 23, 1959, he "agreed to substitute as the purchaser" of the stock "in place of" an employee of plaintiff who had agreed to purchase the stock from the underwriters at the public offering price. The employee, whose name is unknown to defendant, "was unable to carry out his obligation".

Defendant contends that the date of his purchase should relate back to October 8, 1959, the date the unnamed employee agreed to purchase the stock. Acceptance of this contention would remove the transaction from the scope of § 16(b) because the "purchase and sale" would not be within the required "period of less than six months".

■ Whatever may have been the origin of the opportunity defendant was given to purchase the stock, it was not until October 23, 1959, that he obligated himself as the purchaser. It is on that date, therefore, that the purchase by him occurred. See Blau v. Ogsbury, 210 F.2d 426, 427 (2d Cir. 1954); Stella v. Graham-Paige Motors Corporation, 132 F. Supp. 100, 104, (S.D.N.Y.1955). The period of a predecessor's interest, whatever it may be, is not to be added to that of the defendant in calculating the six months limitation, just as the period of ownership by a former owner manifestly cannot be added to the holding period of one who purchased from him. Any other view would afford an easy path for evasion of the statutory prohibition.

Accordingly plaintiff's motion for summary judgment will be granted and judgment will be entered in the amount of $536.99 with interest from April 14, 1960. Counsel will submit an appropriate form of order.

1. The date originally alleged was October 23, 1960, but it was later corrected by affidavit.

## ORDER

On Motion for Modification.

AND NOW, June 20, 1962, for the reasons stated in our opinion filed this day in Perfect Photo, Inc. v. Grabb, D.C., 205 F.Supp. 569, defendant's Motion for Modification is denied and it is ordered that judgment be entered in favor of plaintiff and against defendant in the amount of $536.99 with interest from April 14, 1960.